## No. 11,972.

STATE EX REL. SHERIFF ET AL. VS. WESTERN UNION TELEGRAPH COMPANY.

Unless within some exception of the law, a foreign corporation can be sued only at its domicile, declared in accordance with the Constitution and laws; suits for licenses, claimed by the State or parish, are not within any such exception. Constitution, Art. 236; Act No. 149 of 1894; Act No. 150 of 1890, Sec. 7.

APPEAL from the Tenth Judicial District Court for the Parish of Natchitoches. *Andrews, J.*

---

*James M. Tucker* for Plaintiff, Appellant.

6

State ex rel. Sheriff et al. vs. Telegraph Co.

*Denegre & Denegre* and *Pierson & Porter* for Defendant, Appellee.

Submitted on briefs December 20, 1895.

Opinion handed down January 6, 1896.

The opinion of the court was delivered by

MILLER, J.   The defendant, sued in the Tenth Judicial District, for the parish of Natchitoches, for State and parish licenses, excepts to the jurisdiction, and from the judgment sustaining the exceptions, this appeal is prosecuted.

The defendant is a corporation created by the laws of New York. The Constitution requires all foreign corporations doing business in this State to have agents on whom process in suits against the corporation may be served.   The Act of 1890, No. 149, passed in pursuance of this requirement of the organic law, provides that such corporations shall file declarations in the office of the Secretary of State of their domicile and the names of their agents.   The omission to file this declaration, the act declares, shall subject the corporations to suits in any parish where the cause of action arises. Constitution, Art. 236, Act No. 149 of 1890.   The proviso in the seventh section of the license act, No. 150 of 1890, is that such agent shall be "accredited" as competent to represent the corporation "for all purposes of its business, licenses, taxation and service of process."   There is the provision in the Revised Statutes that suits for trespass may be brought against corporations in the parish where the damage is done.   We are not aware of any other legislation on the subject, and we have not been furnished with any brief on the part of the State.

It is our conclusion that the defendant, having declared its domicile as required by the Constitution and laws, can be sued for the cause stated in the petition only at its declared domicile.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.